UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOME SOLUTIONS RESTORATION OF              CIVIL ACTION
LOUISIANA, INC.

VERSUS                                                                              NO. 07-9169

McCOY CONSTRUCTION, ET AL                  SECTION "R"(3)

## REPORT AND RECOMMENDATION
## ON PLAINTIFF's MOTION TO SET FEES

On November 3, 2008, the District Judge granted default judgment in the amount of $104,749.50 plus reasonable fees pursuant to La. Rev. Stat. § 9:2781[1] against defendant, McCoy Contracting, Inc., and in favor of the plaintiff, Home Solutions Restoration of Louisiana, Inc.[2] The issue of the reasonable amount of such fees was referred to the undersigned Magistrate Judge for determination.[3] On November 5, 2008, a briefing schedule issued ordering plaintiff's counsel to submit a Motion to Set Fees and Memorandum in Support in accordance with Local Rule 54.2, including contemporaneous time records reflecting the date, time involved and the nature of services performed, *inter alia*.[4] Plaintiff complied with the aforesaid order and filed its Motion to Set Fees and the requisite supporting documentation.[5] McCoy Contracting, Inc. failed to test the sufficiency

---

[1] La. Rev. Stat. §9:2781 provides for fees "[w]hen any person fails to pay an open account within thirty days after claimant sends written demand correctly setting forth the amount owed." *Id.*

[2] *See* Order and Reasons filed November 3, 2008 [Doc. # 39].

[3] *See id.,* at p. 11.

[4] *See* Briefing Schedule filed November 5, 2008 [Doc. #41].

[5] *See* Home Solutions Restoration of Louisiana, Inc.'s Motion to Set Fees filed December 5, 2008 (which was referred to the undersigned via order (Doc. # 46)) [Doc. #45].

1

or otherwise traverse plaintiffs' application for attorney's fees; the matter was deemed submitted for determination December 19, 2008 consistent with the aforementioned briefing schedule. For reasons set forth below,

**IT IS RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Costs [Doc. #44] be GRANTED and that order and judgment issue awarding attorney's fees and costs in favor of the plaintiff, Home Solutions Restoration of Louisiana, Inc., and against defendant, McCoy Contracting, Inc., in the full amount of **$16,099.93** (*i.e.,* $15,712.43 fees plus $387.50 costs).

## BACKGROUND

The subject matter of the litigation concerned breach of contract between subcontractors involved in the renovation of three Orleans Parish public schools following Hurricane Katrina. Defendant, McCoy Contracting, Inc. ("McCoy"), a Florida corporation, contracted with plaintiff to remove hurricane-damaged property form Carver, Oretha Haley and Avery Alexander Elementary Schools; McCoy subcontracted with plaintiff to supply labor for the project at all three sites. Plaintiff provided contract labor and invoiced McCoy; however, it paid the plaintiff only part of the amount due. Having made written demand for the balance due, plaintiff filed a suit on an open account against McCoy, et al, in state court alleging that $104,749.50 was owed by McCoy. The matter was removed from the Civil District Court to this district; on April 25, 2008, plaintiff's amended complaint was served on both Mike McCoy and McCoy Contracting, Inc. The McCoy defendants filed Rule 12(b)(2) Motions to Dismiss [Doc. ## 29 and 32]. Plaintiff opposed the aforesaid defendants' jurisdictional motions and filed a Motion for Entry of Default against McCoy Contracting, Inc., which was granted by the Clerk of Court. Thereafter, Home Solutions filed a Motion for Default Judgment against McCoy Contracting, Inc.

2

As stated at the outset, on November 3, 2008, the District Judge issued orders denying defendant's Rule 12(b)(2) motions, finding its contacts with Louisiana substantial and the fiduciary shield doctrine not an obstacle to the Court's jurisdiction. Order and Reasons, at p. 10 of 12 [Doc. # 39]. Additionally, the Court granted default judgment against McCoy Contracting, Inc. in the amount of $104,749.50.

## PLAINTIFF's APPLICATION

In compliance with this Court's order, Home Solutions filed its motion for attorney's fees and submitted a narrative statement including contemporaneous time records detailing the nature of services performed and the time involved. As directed by the district judge [Doc. # 39 at p. 11 of 12] and the undersigned [Doc. # 41], plaintiff further addressed the factors set forth in *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Additionally, plaintiff appears to have made every effort to demonstrate billing judgment by excising fees expended dealing with defendants, BMS and McCoy individually, and not McCoy Contracting, Inc. Because the time expended on the McCoy defendants collectively was so intertwined and impossible to separate, plaintiff suggested a solution – *i.e.*, reducing the fee by half. Clearly billing judgment was exercised.

## THE LODESTAR ANALYSIS

As to the lodestar analysis, the undersigned agrees that, as to factor one, an upward adjustment of the quantum to **$15,712.43** is appropriate in this case to reflect the costs of collection in Florida as well as the costs and fees incurred in connection with drafting and filing the Motion to Set Fees, which fees were not included in the plaintiff's application.

Though given the opportunity to traverse the plaintiff's fee application, McCoy Contracting,

Inc. filed no response, whatsoever. The undersigned has reviewed the record in conjunction with plaintiff's 28-page application and the applicable law.

The Fifth Circuit has oft-repeated that a request for attorneys' fees should not spawn ancillary major litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir.1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Texas*, 236 F.3d 256, 277, n. 79 (5th Cir.2000); *Hensley*, 461 U.S. at 436-37.

As indicated above, the undersigned has considered whether adjusting the lodestar is appropriate based upon the circumstances of the case and the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974). *See Green*, 284 F.3d at 661; *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir.1987). The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

While the court's analysis need not be meticulously detailed, it must articulate and clearly apply the *Johnson* criteria. *Riley*, 99 F.3d at 760 (*quoting Kellstrom*, 50 F .3d at 331). To the extent

that any of the *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis,* 135 F.3d at 1047. The most critical factor in determining the reasonableness of an attorney's fee award "is the degree of success [or result] obtained." *Hensley*, 461 U.S. at 436; *Farrar*, 506 U.S. at 114.[6] Moreover, an applicant must show that billing judgment was exercised, so that the court may determine the number of hours reasonably expended on a case. *Green,* 284 F.3d at 662 (*citing Walker v. HUD,* 99 F.3d 761, 769 (5th Cir. 1996)).

It is noteworthy that the *Johnson* analysis has been augmented or amended since its formulation. The Supreme Court has "barred any use of the sixth factor" and thus, the contingent nature of the case cannot serve as a basis for enhancement of the fee. *See Walker v. U. S. Department of Housing and Urban Development,* 99 F.3d 761, 772 (5th Cir. 1996) (*citing Burlington,* 505 U.S. at 567).[7] In addition, the court's application of the *Johnson* factors is limited to those factors that have not already been addressed through the court's calculation of the number of reasonable hours and rate per attorney. *Migis*, 135 F.3d at 1047; *Watkins,* 7 F.3d at 459.

In this vein, the Fifth Circuit has warned that the first factor (time and labor involved) and the seventh factor (time limitations imposed by the client or the circumstances) are especially susceptible to "double counting." *Walker,* 99 F.3d at 771, 772. More recently, the Fifth Circuit held in *Shipes, supra,* that the novelty and complexity of the issues (factor two), the special skill and experience of counsel (factor three), the results obtained from the litigation (factor eight), and the

---

[6]S*ee also Giles v. General Elec. Co.*, 245 F.3d 474, 491 n. 31 (5th Cir.2001) (stating that the most important factor under the *Johnson* analysis is the result obtained); *Migis*, 135 F.3d at 1047.

[7]*See also Shipes v. Trinity Indus.,* 987 F.2d 311, 323 (5th Cir. 1993) (the contingent nature of a case cannot serve as a basis for enhancement of attorney fees).

5

quality of representation (factor nine) are presumably fully reflected in the lodestar amount. *Shipes*, 987 F.2d at 322.

Setting factor one aside for the moment, the Court finds factors two, three and nine have already been considered in calculating the lodestar. The Court therefore determines that no revision of the lodestar computation is warranted based on these factors. The novelty and complexity of the issues (factor two), together with the special skill and experience of counsel (factor three) and the quality of representation (factor nine) are presumably fully reflected in the lodestar amount. *Shipes*, 987 F.2d at 322. No further reduction is warranted considering the already greatly discounted time and the liberal exercise of billing judgment discussed above. For the foregoing reasons, the Court believes that no adjustment is warranted on the basis of these factors.

As to time limitations imposed by the client or the circumstances (factor seven), the record in this case does not support an adjustment based upon the aforesaid factor. A review of the record does not reflect the existence of any unusual circumstances affecting representation of the plaintiff, such as counsel being retained in haste, the preclusion of other work or an expedited trial schedule. Discovery was uneventful and the case was resolved short of trial on the merits. Under the circumstances, this Court believes that no adjustment is warranted pursuant to the seventh *Johnson* factor.

Factors nine through twelve also warrant no adjustment under the circumstances. To the degree that the case could be considered undesirable for any reason raised in the context of the instant application, these issues have already been covered under factor two and in the hourly rates assigned. As aforestated, counsel's experience, ability and reputation was subsumed in calculating the lodestar.

Consideration of eighth *Johnson* factor - the results obtained - does not require an adjustment of the lodestar. Generally, this factor is applied where there is partial success and to reduce a fee award. *Hensley v. Eckerhart,* 461 U.S. 424 (1983). The plaintiff in this case prevailed in both opposing the defendant's jurisdictional motion and prosecuting its motion for default judgment.

Now turning back to factor one, and as indicated at the outset, an upward adjustment is necessary to account for the time spent complying with this Court's order to justify its fee request. In addition, plaintiff suggests that it is appropriate to consider collection efforts, which will be necessary in a foreign jurisdiction.

The undersigned recognizes that upward adjustments to the lodestar are proper only in certain exceptional cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). Plaintiff suggests that this case is one of those exceptional cases in which an upward adjustment is warranted based upon factor one (*i.e.*, the time and labor involved). Considering the particular fee statute at issue in this case, the Court agrees. Most notably, the governing fee statute specifically provides for an award of attorneys fees "for the prosecution *and collection of such a claim,* when judgment on the claim is rendered in favor of the claimant." La. Rev. Stat. § 9:2781A (all emphasis added). The sum sought as attorney's fees including the upward adjustment – **$15,712.43** – is right in line with comparable cases that have been resolved short of trial on the merits.[8] In the case at bar, the adjustment upward to $15,712.43, amounts to 15% of the

---

[8]*See Ward v.Sylvester,* 498 So.2d 1111, 1116 (La. App. 3rd Cir. 1986) (finding a fee award of one-third of the principal and interest in an open account case not an abuse of discretion); *First Consumers Financial, LLC v. Frank,* 966 So.2d 1199, 1202 (La. App. 3rd Cir. 2007) (finding the assessment of ten percent reasonable in a default proceeding on a promissory note); *Hoskins v. Ziegler,* 506 So.2d 146, 148 (La.App. 4th Cir. 1987) (affirming trial court's award of 25% attorney's

Judgment. In addition, it is appropriate to award costs incurred by the plaintiff – that is, costs in the amount of $387.07 for filing the petition in the Civil District Court for the Parish of Orleans, plus other reasonable costs incurred in prosecuting this case against the subject non-resident defendant to judgment.

## RECOMMENDATION

For the forgoing reasons, the undersigned RECOMMENDS that the plaintiff's application for attorney's fees be GRANTED in the full amount of **$16,099.93** (*i.e.,* $15,712.43 fees plus $387.50 costs).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of January, 2009.

                                                                              _____
                                                                              **DANIEL E. KNOWLES, III**
                                                                              **UNITED STATES MAGISTRATE JUDGE**

---

fees in suit on an open account), *writ. denied*, 512 So.2d 460 (La. 1987).